RECEIVED
NOV 21 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AVERY SHAWN ESKEW | DOCKET NO. 14-2621; SEC. P |
| VERSUS | JUDGE DRELL |
| RAPIDES PARISH SHERIFF, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Avery Shawn Eskew filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 29, 2014. He was granted leave to proceed in forma pauperis on September 17, 2014. [Doc. #7] Plaintiff is incarcerated at the LaSalle Correctional Center in Olla, Louisiana. He names over forty defendants, including approximately 21 "John Does." Plaintiff complains that the defendants failed to protect him from an attack by other inmates and denied him adequate medical care for his serious injuries suffered in the attack while housed at Rapides Parish Detention Center #3 in Alexandria, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

On October 15, 2014, Plaintiff was ordered to amend his complaint to provide allegations as to how the named defendants violated his rights, failed to protect him from harm, and acted with deliberate indifference to his serious medical needs. He was further ordered to state when he made requests for medical care,

who denied the requests, what his symptoms were, and what injuries he suffered as the result of the denial. Plaintiff's was ordered to amend by November 14, 2014. To date, Plaintiff has failed to comply with the Court's order or to request an extension of time within which to comply.

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). Based on Plaintiff's failure to comply with the Court's order, dismissal under Rule 41 is appropriate.

### Conclusion

Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b).

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of November, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE